Dare v. Ogden.

unless a disclosure of it was made to him previously to the assignment; so that no bad consequences can attend the doctrine; as to the case in Salkeld, I admit it is dubiously reported. I do not rely on it.

[91] SMITH, J., and CHETWOOD, J., agreed that the verdict was right.

It was contended, by the counsel for the defendant, that, admitting the evidence to have been improper, yet the verdict was right upon the whole case independent of it, and if so, no new trial should be granted, to which the court agreed. The cases cited on this point were *Heylin et al.* v. *Adamson*, 2 *Burr.* 669; *Chamberlyn* v. *Delarive*, 2 *Wils.* 353.

On the general law relating to parol evidence, the Chief Justice cited 1 *Eq. Ca.* 230; *Pow. on Const.* 432; *Joynes* v. *Statham*, 3 *Atk.* 388; *Preston* v. *Merceau*, 2 *Blac. Rep.* 1249; *Doe, ex dem. Freeland*, v. *Burt*, 1 *Term Rep.* 701; *Fitz Gib.* 213.

Rule discharged.

NOTE.—On a general assignment of a bond or bill, the law is, that the assignor is not liable over to assignee in default of recovery. See 1 *Penn. Reports of Cases in Supreme Court of New Jersey*, 20 *Ib.* 211–12. See *Washington's Argument*, 2 *Washington's Rep.* 219.

CITED in *Johnson* v. *Martinus*, 4 *Hal.* 185, *147; *Allen* v. *Pancoast*, *Spenc.* 68.

---

## DARE v. OGDEN.

1. Exceptions waived at the trial not sufficient to overturn a judgment.
2. An *ex parte* affidavit not admitted to prove exceptions to a judgment.

---

*Certiorari* to Justice Mulford.

The summons was dated the 8th, returnable on the 21st of May. The objection was, that more than twelve days intervened, contrary to the express words of the act of assembly.

PER CUR. Dare appeared and craved a jury ; he made no exceptions at the time ; this exception is disallowed. Another is, that the jury received evidence of the plaintiff's demand after their departure from the bar. One Ryley, Jr., a juror, swears that an account of the plaintiff's demand was handed in to the jury, but by whom he does not know. This is an [92] *ex parte* affidavit, taken without notice, in the absence of the opposite party and his attorney.

The court, therefore, reject the affidavit and affirm the judgment.

NOTE.—Ryley further swore that he did not agree to the verdict, as he though it unjust, and was induced to assent, from being unwell. The court said, that he had acted, by his own confession, contrary to his solemn oath as a juror in so doing, and directed the affidavit to be handed to the attorney-general, to lay before the grand jury of Cumberland, as the foundation of a presentment for misbehavior.